**LANE & NACH, P.C.**
2001 East Campbell Avenue, Suite 103
Phoenix, AZ 85016
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003

Adam B. Nach - 013622
Email: adam.nach@lane-nach.com
Stuart B. Rodgers – 025720
Email: stuart.rodgers@lane-nach.com
Paul M. Hilkert – 028934
Email: paul.hilkert@lane-nach.com

Attorneys for Roger W. Brown, Trustee

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | (Chapter 7 Case) |
| TIMOTHY EUGENE BIENFANG and DONNA GAILE KING, | No. 2:17-bk-11281-EPB |
| | Adversary No. [Refer to Summons] |
| Debtors. | **COMPLAINT** |
| ROGER W. BROWN, Trustee, | Count I – Declaratory Relief |
| Plaintiff, | Count II – Turnover 11 U.S.C. §§541, 542 |
| | Count III – Turnover 11 U.S.C. §§541, 542 |
| vs. | |
| TIMOTHY EUGENE BIENFANG and DONNA GAILE KING. | |
| Defendants. | |

Roger W. Brown, the duly appointed and acting Chapter 7 bankruptcy trustee (the "**Trustee**" or "**Plaintiff**"), by and through his attorneys undersigned, for his Complaint against Defendants, respectfully alleges as follows:

## GENERAL ALLEGATIONS

1.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 541, and 542.  This proceeding arises in and is related to the proceeding commenced by the Debtors under Chapter 13 of the United States Bankruptcy Code and thereafter voluntarily converted to Chapter 7 of the United States Bankruptcy Code. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A) and (E).

2.     Plaintiff consents to the jurisdiction of this Court and to the entry of final orders and judgments by this Court pursuant to Fed.R.Bankr.P. 7008.

3.     Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     Timothy Eugene Bienfang ("**Defendant Bienfang**") and Donna Gaile King ("**Defendant King**" and collectively with Defendant Bienfang, the "**Debtors**" or the "**Defendants**") filed their Voluntary Petition under Chapter 13 on September 25, 2017 ("**Petition Date**"), which converted to Chapter 7 on October 24, 2022 ("**Conversion Date**").

5.     Plaintiff is the duly qualified and acting bankruptcy trustee for the Debtors' Chapter 7 bankruptcy estate (the "**Estate**").

6.     On or about November 1, 2018, the Debtors' Chapter 13 Plan was confirmed and pursuant to the Confirmation Order "Property of the estate vests in Debtors upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306."

7.     On information and belief, on or about November 26, 2019, Harold E. Bienfang (father to Defendant Bienfang) recorded a Warranty Deed transferring real property located at 13013 Fox Road, Jesup, IA 50648 (the "**Real Property**") to Defendant Bienfang, subject to a

reservation of a life estate in Harold E. Bienfang. A copy of the recorded deed is attached hereto as Exhibit "A."

8.      On information and belief, on or about November 22, 2019, Harold E. Bienfang nominated Defendant Bienfang as the executor and a beneficiary to his last will and testament ("**Will**").

9.      On or about January 1, 2022, Defendant Bienfang and Defendant King conveyed their interest in the Real Property to the Bienfang Family Living Trust u/t/a dated July 27, 2007 (the "**Family Trust**").  A copy of the conveyance deed is attached hereto as Exhibit "B."

10.      Upon information and belief, the Family Trust is a revocable living trust that was established in 2007, and the Debtors' interests and rights therein, including but not limited to the right to revoke the Family Trust and the right to any distributions therefrom, became property of the Chapter 13 bankruptcy estate as of the Petition Date.

11.      On information and belief, prior to his death on August 18, 2022, Harold E. Bienfang named Defendant Bienfang as a beneficiary / payee on an EquiTrust Life Insurance policy (Contract no. XXXXXXXX4912F) (the "**EquiTrust Policy**").

12.      Moreover, Plaintiff alleges that Defendant Bienfang was named as a beneficiary / payee on the EquiTrust Policy prior to the Petition Date.

13.      On information and belief, prior to his death on August 18, 2022, Harold E. Bienfang named Defendant Bienfang as a beneficiary / payee on an Integrity Life Insurance Company Annuity (the "**Integrity Annuity**").

14.      Moreover, Plaintiff alleges that Defendant Bienfang was named as a beneficiary / payee on the Integrity Annuity prior to the Petition Date.

15.     On information and belief, Harold E. Bienfang passed away on August 18, 2022.

16.     On information and belief, Harold E. Bienfang's life estate in the Real Property terminated on August 18, 2022, and the Family Trust became the sole fee owner of the Real Property at this time.

17.     On information and belief, on or about September 13, 2022, a check was issued payable to Defendant Bienfang pursuant to the EquiTrust Policy in the amount of $28,156.73 (the "**EquiTrust Policy Proceeds**"). A copy of the EquiTrust Distribution Letter is attached hereto as Exhibit "C."

18.     On information and belief, on or about October 17, 2022, a check was issued payable to Defendant Bienfang pursuant to the Integrity Annuity in the amount of $25,648.17 (the "**Integrity Annuity Proceeds**" and collectively with the EquiTrust Policy Proceeds, the "**Annuity/Insurance Proceeds**"). A copy of the Integrity Annuity Distribution Letter is attached hereto as Exhibit "D."

19.     On information and belief, and based on information received from the Defendants, the Defendants received the Annuity/Insurance Proceeds prior to the Conversion Date.

20.     On or about October 19, 2022, the Defendants purchased a Forest River Rockwood Motorhome for $45,886.71 ("**RV**").

21.     On information and belief, the Defendants used the Annuity/Insurance Proceeds to purchase the RV.

22.     At no point between November 22, 2019 and the Conversion Date were there any Chapter 13 Plan amendments or disclosures in the Chapter 13 case regarding the Debtors' interest

4

in the Real Property, the EquiTrust Policy, the Integrity Annuity, or the Will. Attached hereto is a copy of the Administrative Docket in this matter as Exhibit "E."

23.     On information and belief, at no point between November 22, 2019 and the Conversion Date did the Debtors, or their Attorneys, inform the Chapter 13 Trustee of the Real Property, the Integrity Annuity payment, the EquiTrust Policy payment, or the Will.

24.     On or about September 27, 2022, Debtors' Counsel filed a certificate of eligibility for Chapter 13 Discharge. *See* Exhibit E at Administrative Docket Entry No. 64.

25.     On or about October 24, 2022, Debtors' Counsel filed a "Notice of Conversion from Chapter 13 to Chapter 7" which was void of any information regarding the Real Property, the Integrity Annuity payment, the EquiTrust Policy payment and any property interest received by Defendant Bienfang pursuant to the Will.   A copy of the Notice of Conversion is attached hereto as Exhibit "F." *See* Exhibit E at Administrative Docket Entry No. 65.

26.     On or about November 4, 2022, the Debtors sold the Real Property for a gross sale price of $185,000.00 and received net proceeds in the amount of $170,836.48 (the "**Real Property Proceeds**" and collectively with the Annuity/Insurance Proceeds, the "**Undisclosed Assets/Proceeds**").

27.     On or about November 28, 2022 the Chapter 7 Trustee conducted a 341 hearing with the Debtors in which the Trustee became aware of the fact that the Defendants had received assets after the Petition Date which the failed to disclose during the pendency of their Chapter 13 case.

28.     On or about December 9, 2022, the Chapter 13 Trustee (former) filed his Final Report and Account which reflected that there were general unsecured claims in the amount of

5

$119,384.48 and that $10,392.24 in principal had been paid on those claims. A copy of the Final Report is attached hereto as Exhibit "G." *See* Exhibit E at Administrative Docket Entry No. 75.

29. On or about January 25, 2023, Counsel for the Chapter 7 Trustee conducted a 2004 Examination of the Debtors.

30. On or about January 25, 2023, while under oath, the Debtors disclosed that the reason for converting their case from Chapter 13 to Chapter 7 was to avoid the administration of the Undisclosed Assets/Proceeds.

31. On or about January 25, 2023, while under oath, the Debtors disclosed that they are still in position of approximately $175,000.00 representing the entirety of the Real Property Proceeds and a small amount from the Annuity/Insurance Proceeds and that they are still in possession of the RV which they purchased with the Annuity/Insurance Proceeds.

32. On or about January 25, 2023, while under oath, the Defendants indicated that although they had not informed the Chapter 13 Trustee about the Undisclosed Assets/Proceeds, they had informed their Attorneys about the Undisclosed Assets/Proceeds.

**CLAIMS FOR RELIEF**
**Count I – Declaratory Relief of Bad Faith Conversion Pursuant to Sections 348(f)(2), 541 and 1306**

33. Plaintiff incorporates the allegations set forth hereinbefore.

34. The Defendants were aware of their ownership of the Real Property no later than January 21, 2022, the date that they conveyed their interest in the Real Property to the Family Trust.

35. On or about August 1, 2022, upon the passing of Mr. Harold E. Bienfang, the Real Property, the right to the Integrity Annuity Proceeds, the right to the EquiTrust Policy Proceeds,

6

and any property interest received by Defendant Bienfang pursuant to the Will, became property of the Chapter 13 estate pursuant to 11 U.S.C. §1306.

36.     The Defendants had an ongoing duty to disclose all property of their Chapter 13 estate, including the Undisclosed Assets/Proceeds, pursuant to 11 U.S.C. §521.

37.     As of the Conversion Date, there remained $108,992.24 in unpaid general priority unsecured claims.

38.     The amount of unpaid unsecured claims could have been satisfied in full from the Undisclosed Assets/Proceeds that, although not disclosed, had become property of the Chapter 13 estate.

39.     There was no inability of the Debtors to make required payments to the Chapter 13 trustee, and in fact, other than turnover of the Undisclosed Assets/Proceeds, all other plan payments had already been made.

40.     Prior to the Conversion Date, the Debtors were not forthcoming regarding the existence of any post-petition change in circumstances and have confirmed that there were no such changes other than their interest in the Undisclosed Assets/Proceeds and Defendant Bienfang's interest in or receipt of any distributions from the Will, which was not disclosed prior to the Conversion Date.

41.     The Debtors spent $45,886.71 of the Annuity/Insurance Proceeds to purchase the RV prior to the Conversion Date.

42.     The conversion of the case created a windfall for the Debtors with the intent of removing the Undisclosed Assets/Proceeds and Defendant Bienfang's interest in or receipt of any distributions from the Will from the Estate and reducing payment to their creditors by

7

$108,922.24 in principal amount plus interest.

43.     The Debtors' conduct immediately after learning of their interest in the Real Property, EquiTrust Policy, Integrity Annuity, and the Will, including their failure to disclose the receipt of the EquiTrust Policy Proceeds, the Integrity Annuity Proceeds, and the Real Property Proceeds and their purchase of the RV with the Annuity/Insurance Proceeds while in Chapter 13, evidences that their desire to retain and utilize the Undisclosed Assets/Proceeds and Defendant Bienfang's interest in or receipt of any distributions from the Will for themselves outweighed any consideration for their unsecured creditors.

44.     Section 348(f) does not provide a safe harbor for debtors who fraudulently and surreptitiously conceal or dispose of property of the estate while in Chapter 13.

45.     Pursuant to §348(f)(2), "[i]f the debtor converts a case under chapter 13 of this title to a case under another chapter under this title in bad faith, the property in the converted case shall consist of the property of the estate as of the date of conversion."

46.     A conversion is in bad faith "if there is fraud, deception, dishonesty, lack of disclosure of financial acts or an abuse of the provisions, purpose or spirit of the Bankruptcy Code.  In other words, a court will have to determine if there has been an unfair manipulation of the bankruptcy system to the substantial detriment or disadvantage of creditors." *In re Siegfried*, 219 B.R. 581, 585 (Bankr.D.Colo 1998).

47.     The Debtors failure to disclose the Undisclosed Assets/Proceeds and Defendant Bienfang's interest in or receipt of any distributions from the Will, their pre-conversion purchase of the RV with the Annuity/Insurance Proceeds, and their manipulation of the Bankruptcy Code by placing the Undisclosed Assets/Proceeds and Defendant Bienfang's interest in or receipt of

any distributions from the Will beyond the reach of their creditors (who had a right to full payment in the Chapter 13 case) constitutes bad faith.

48.     Plaintiff is entitled to declaratory judgment that the following remaining property is property of the Estate pursuant to 11 U.S.C. §§541, 1306 and 348(f)(2): (a) the approximately $175,000.00 in remaining proceeds from the Undisclosed Assets/Proceeds, but in no event less than the Real Property Proceeds in the amount of $170,836.48 received by the Debtors after the Conversion Date, and (b) the RV purchased by the Debtors prior to the Conversion Date with the Annuity/Insurance Proceeds.

WHEREFORE, Plaintiff prays for declaratory judgment determining that the conversion of the case from Chapter 13 to Chapter 7 was in bad faith and that pursuant to 11 U.S.C. §§348(f)(2), 541, and 1306, the following property is property of the Chapter 7 Estate:  (a)  the Undisclosed Assets/Proceeds remaining in the possession of the Debtors after the Conversion Date in the estimated amount of $175,000.00, but in no event less than the Real Estate Proceeds in the amount of $170,836.48 received by the Debtors after the Conversion Date; and (b) the RV purchased by the Debtors prior to Conversion Date with the Annuity/Insurance Proceeds which remains in the possession and control of the Debtors.

**Count II – Turnover**
**11 U.S.C. §§541, 542**

49.     Plaintiff incorporates the allegations set forth hereinbefore.

50.     In the event that the Court finds conversion was in bad faith pursuant to 11 U.S.C. §348(f)(2), the property interests held by the Debtors as of the Conversion Date are Estate property, including the remaining Undisclosed Assets/Proceeds (and received from the liquidation of the Family Trust property post-conversion) in the possession of the Debtors in the estimated

amount of $175,000.00, but in no event less than the Real Estate Proceeds in the amount of $170,836.48 received by the Debtors after the Conversion Date; and (b) the RV purchased by the Debtors with the Annuity/Insurance Proceeds prior to the Conversion Date.

51.     Pursuant to 11 U.S.C. §541 and 542, Plaintiff is entitled to an Order for Turnover of the Undisclosed Assets/Proceeds remaining in the estimated amount of $175,000.00, but in no event less than the Real Estate Proceeds in the amount of $170,836.48 received by the Debtors post-conversion and the RV.

WHEREFORE, Plaintiff prays for judgment against Defendants directing turnover of (a) the Undisclosed Assets/Proceeds remaining in the possession of the Debtors after the Conversion Date in the estimated amount of $175,000.00, but in no event less than the Real Estate Proceeds in the amount of $170,836.48 received by the Debtors after the Conversion Date; and (b) the RV purchased by the Debtors with the Annuity/Insurance Proceeds prior to the Conversion Date which remains in the possession and control of the Debtors, under 11 U.S.C. §541 and 542; and for such other and further relief as the Court deems appropriate.

### Count III – Turnover
### 11 U.S.C. §§541, 542

52.     Plaintiff incorporates the allegations set forth above.

53.     Alternatively, in the event that the Court does not find the conversion was in bad faith, the Plaintiff alleges that the Debtors' interests and rights in the Family Trust, including but not limited to the right to revoke the Family Trust and the right to any distributions therefrom, were property of the Chapter 13 estate as of the Petition Date and have remained assets of the Estate after the Conversion Date through the filing of this Complaint.

54.     Plaintiff alleges that since the Real Property was an asset of the Family Trust during

10

the Chapter 13 case and remained an asset of Family Trust as of the Conversion Date, regardless of the Court's finding of bad faith under 11 U.S.C. §348(f)(2), the Debtors' interests and rights in the Family Trust, including but not limited to the right to revoke the Family Trust and the right to any distributions therefrom (and all property held by the Trust), was property of the Estate as of the Conversion Date pursuant to §348(f)(1)(A).

55. Furthermore, the proceeds received from the sale of the Real Property were paid to the Family Trust, and upon information and belief, remain property of the Family Trust.

56. Trustee hereby revokes the Family Trust and, as the Chapter 7 Estate holds the right to receive all distributions from the Family Trust, makes demand for turnover of such proceeds.

57. Accordingly, Plaintiff is entitled to turnover of the Real Property Proceeds that that were received and presumably distributed to the Debtors after the Conversion Date, in the amount $170,836.48 pursuant to §§348(f)(1)(A), 541 and 542.

58. Moreover, Plaintiff alternatively alleges that in the event that prior to the Petition Date, Defendant Bienfang was a named beneficiary / payee of both the EquiTrust Policy and the Integrity Annuity and that as an asset of the Chapter 13 estate, the Annuity/Insurance Proceeds were property of the Chapter 13 estate pursuant to 11 U.S.C. §541 (and not because of §1306).

59. Plaintiff alternatively alleges that the Estate is entitled to turnover of the remaining Conversion Date value of the of the (undisclosed) payments received by the Debtors in the amount of approximately $4,000.00 (based on the testimony of the Debtors) pursuant to pursuant to §§348(f)(1)(A), 541 and 542.

60. Moreover, Plaintiff alleges that the Estate is entitled to turnover of the RV which was purchased with Annuity/Insurance Proceeds, and as such the RV arises out of / is the

proceeds, produce, offspring, rents, or profits from property of the Estate and is therefore property of the Estate pursuant to §541(a)(6)-(7) and subject to turnover pursuant to §542.

WHEREFORE, Plaintiff prays for judgment against Defendants directing turnover of the Real Property Proceeds in the amount $170,836.48 pursuant to 11 U.S.C. §§ 541 and 542 that were generated by the sale of the Real Property which was owned by the Family Trust on the Conversion Date, and sold by the Family Trust after the Conversion Date; turnover of the Conversion Date value of the of the (undisclosed) payments received by the Debtors in the amount of approximately $4,000.00 under 11 U.S.C. §§ 541 and 542; turnover of the RV under 11 U.S.C. §§ 541 and 542; and for such other and further relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED this 31st day of January 2023.

**LANE & NACH, P.C.**

By   /s/  SBR 025720
        Adam B. Nach
        Stuart B. Rodgers
        Paul M. Hilkert
        Attorneys for Trustee

12

Number: 202000009721
Recorded: 11/26/2019 at 8:28:19.0 AM
County Recording Fee: $17.00
Iowa E-Filing Fee: $3.00
Combined Fee: $20.00
Revenue Tax: $0.00
Sandie L. Smith, RECORDER
Black Hawk County, Iowa





**WARRANTY DEED**
THE IOWA STATE BAR ASSOCIATION
Official Form No. 101
Recorder's Cover Sheet

**Preparer Information:** (Name, address and phone number)
Judith R. Benson, 411 Main Street, Cedar Falls, Iowa 50613
Phone: (319) 277-4102

**Taxpayer Information:** (Name and complete address)
Harold E. Bienfang, 13013 Fox Rd., Jesup, IA 50648

**Return Document To:** (Name and complete address)
Correll & Sheerer, 411 Main St., Cedar Falls, IA 50613

**Grantors:**
Harold E. Bienfang

**Grantees:**
Timothy E. Bienfang

**Legal description:** See Page 2

**Document or instrument number of previously recorded documents:**

© The Iowa State Bar Association 2019
IOWADOCS®



# WARRANTY DEED

For the consideration of _____ One _____ Dollar(s)
and other valuable consideration, Harold E. Bienfang, a single person,
_____ do hereby Convey to
Timothy E. Bienfang
_____ the following described real estate in
_____Black Hawk_____ County, Iowa: This deed is exempt according to Iowa Code 428A.2(11). A part
of the Southwest Quarter of Section No. Thirteen (13), Township No. Eight-eight (88) North, Range
No. Eleven (11) West of the Fifth Principal Meridian, Black Hawk County, Iowa, described as
follows, to-wit: Commencing at the Southwest Corner of said Section, thence North along the
Quarter Section line a distance of Four Hundred Seventy-eight and Five-tenths (478.5) feet, thence
East Two Hundred Seventy-three and Twenty-four Hundredths (273.24) feet, thence South Four
Hundred Seventy-eight and Five-tenths (478.5) feet to the Section line, thence West Two Hundred
Seventy-three and Twenty-four Hundredths (273.24) feet to the place of beginning,

subject to reservation of a life estate in the Grantor.

Grantors do Hereby Covenant with grantees, and successors in interest, that grantors hold the
real estate by title in fee simple; that they have good and lawful authority to sell and Convey the real
estate; that the real estate is free and clear of all liens and encumbrances except as may be above stated;
and grantors Covenant to Warrant and Defend the real estate against the lawful claims of all persons
except as may be above stated. Each of the undersigned hereby relinquishes all rights of dower,
homestead and distributive share in and to the real estate. Words and phrases herein, including
acknowledgment hereof, shall be construed as in the singular or plural number, and as masculine or
feminine gender, according to the context.
Dated on _____11-22-19_____.

_Harold E. Bienfang_                                          _____
Harold E. Bienfang (Grantor)                                              (Grantor)

_____                              _____
            (Grantor)                                                     (Grantor)

STATE OF _____IOWA_____, COUNTY OF _____BLACK HAWK_____
This record was acknowledged before me on __Nov. 22, 2019__, by Harold E.
Bienfang, a single person

                                          _Denise Gibbs_
                                          Signature of Notary Public

DENISE GIBBS
Commission Number 123912
My Commission Expires
6-14-20

© The Iowa State Bar Association 2019          Form No. 101, Warranty Deed
IowaDocs®                                                   Revised January 2016

# EXHIBIT "B"

**Number: 202200015570**
**Recorded: 1/31/2022 at 4:09:15.0 PM**
**County Recording Fee: $17.00**
**Iowa E-Filing Fee: $3.00**
**Combined Fee: $20.00**
**Revenue Tax: $0.00**
**Sandie L. Smith, RECORDER**
**Black Hawk County, Iowa**

## WARRANTY DEED
### Recorder's Cover Sheet

**Preparer Information:** Judith R. Benson, 411 Main Street, Cedar Falls, IA 50613, Phone: 319-277-4102

**Taxpayer Information:** Timothy E. Bienfang and Donna G. King, Trustees of the The King - Bienfang Family Living Trust, 14903 W. Oberlin Way, Surprise, AZ 85387

**Return Document To:** Correll &Sheerer, 411 Main St., Cedar Falls, IA 50613

**Grantors:** Timothy E. Bienfang and Donna G. King

**Grantees:** Timothy E. Bienfang and Donna G. King, Trustees of The King - Bienfang Family Living Trust u/t/a dated July 27, 2007

**Legal Description:**

**Document or instrument number of previously recorded documents:**



# WARRANTY DEED

For the consideration of One Dollar(s) and other valuable consideration, Timothy E. Bienfang and Donna G. King, his wife, do hereby Convey to Timothy E. Bienfang and Donna G. King, Trustees of The King - Bienfang Family Living Trust u/t/a dated July 27, 2007, the following described real estate in Black Hawk County, Iowa:

**This deed is exempt according to Iowa Code 428A.2(21).**
A part of the Southwest Quarter of Section No. Thirteen (13), Township No. Eighty-eight (88) North, Range No. Eleven (11) West of the Fifth Principal Meridian, Black Hawk County, Iowa, described as follows, to-wit: Commencing at the Southwest Corner of said Section, thence North along the Quarter Section line a distance of Four Hundred Seventy-eight and Five-tenths (478.5) feet, thence East Two Hundred Seventy-three and Twenty-four Hundredths (273.24) feet, thence South Four Hundred Seventy-eight and Five-tenths (478.5) feet to the Section line, thence West Two Hundred Seventy-three and Twenty-four Hundredths (273.24) feet to the place of beginning,

subject to reservation of a life estate in Harold E. Bienfang.

Grantors do Hereby Covenant with grantees, and successors in interest, that grantors hold the real estate by title in fee simple; that they have good and lawful authority to sell and convey the real estate; that the real estate is free and clear of all liens and encumbrances except as may be above stated; and grantors Covenant to Warrant and Defend the real estate against the lawful claims of all persons except as may be above stated. Each of the undersigned hereby relinquishes all rights of dower, homestead and distributive share in and to the real estate.

Words and phrases herein, including acknowledgment hereof, shall be construed as in the singular or plural number, and as masculine or feminine gender, according to the context.

Dated: _1/21/22_

_____
Timothy E. Bienfang, Grantor

_____
Donna G. King, Grantor

STATE OF ARIZONA, COUNTY OF _Maricopa_

This record was acknowledged before me on _1 21_, 202_2_, by Timothy E. Bienfang, and Donna G. King, his wife.

_____
Signature of Notary Public

JESSICA BENNIE
Notary Public – Arizona
Maricopa County
My Comm. Expires Feb 1, 2022

©The Iowa State Bar Association 2021
IowaDocs®

Form No. 101, Warranty Deed
Revised January 2016


EquiTrust.
Life Insurance Company

September 13, 2022

Timothy Bienfang
14903 W Oberlin Way
Surprise, AZ  85387

| Annuitant: | Harold E Bienfang, Deceased |
|---|---|
| Owner: | Harold E Bienfang, Deceased |
| Contract No. | ▉4912F |

We have completed the processing of your claim for the above referenced contract and your payment has been mailed under separate cover.  Please find the details of your payment below:

| Death Claim Proceeds | $31,284.40 |
|---|---|
| You may receive a 1099-R early next year showing the taxable amount reportable as ordinary income. | |

| Death Claim Interest | $0.85 |
|---|---|
| Interest is payable from the date of proof to the date of payment. | |

| Deductions | |
|---|---|
| Federal Tax Withholding | $1,564.26 |
| State Tax Withholding | $1,564.26 |

| Taxable Amount | $31,285.25 |
|---|---|
| NET CHECK AMOUNT | $28,156.73 |

If you have any questions, or need additional information, please call our Customer Service Team at 1-866-598-3692 Monday through Thursday 8:00am-5:00pm CST and Friday 8:00am-4:00pm CST.

Sincerely,

Customer Service Representative



**Integrity Life Insurance Company**

A member of Western & Southern Financial Group

400 Broadway
Cincinnati, OH 45202-3341
WSFinancialPartners.com

October 14, 2022

TIMOTHY BIENFANG

CK TYPE: POLICY DISB
CHECK NUMBER: 0011225224
CHECK DATE: 10/17/2022

PAYEE: BIENFANG,TIMOTHY

REF ID #: ███████00003
CHECK AMOUNT: $25,648.17

| | |
|---|---|
| Gross Amount | 28,061.13 |
| Voluntary Int | 0.00 |
| | |
| St Withhold | 606.85 |
| Fed Withhold | 1,806.11 |
| Shipping | 0.00 |
| Loan Payoff | 0.00 |

NET CHECK AMOUNT: $25,648.17

| | |
|---|---|
| Taxable Gain | 18,061.13 |
| Notes | YTDI |

*Payee copy: detach before depositing*

PCX-733-2103

EXHIBIT "E"

**PlanConfirmed**

# U.S. Bankruptcy Court
## District of Arizona (Phoenix)
## Bankruptcy Petition #: 2:17-bk-11281-EPB

| | |
|---|---|
| *Date filed:* | 09/25/2017 |
| *Date converted:* | 10/24/2022 |
| *341 meeting:* | 11/28/2022 |
| *Deadline for objecting to discharge:* | 01/27/2023 |

*Assigned to:* Judge Eddward P. Ballinger Jr.
Chapter 7
Previous chapter 13
Original chapter 13
Voluntary
No asset

| | |
|---|---|
| ***Debtor***<br>**TIMOTHY EUGENE BIENFANG**<br>14903 W. OBERLIN WAY<br>SURPRISE, AZ 85387<br>MARICOPA-AZ<br>SSN / ITIN: xxx-xx-4304 | represented by **KENNETH L NEELEY**<br>Neeley Law Firm, Plc<br>1120 S. Dobson Rd., Ste. 230<br>Chandler, AZ 85286<br>480-802-4647<br>Fax : 480-907-1648<br>Email: ecf@neeleylaw.com |
| ***Joint Debtor***<br>**DONNA GAILE KING**<br>14903 W. OBERLIN WAY<br>SURPRISE, AZ 85387<br>MARICOPA-AZ<br>SSN / ITIN: xxx-xx-1085 | represented by **KENNETH L NEELEY**<br>(See above for address) |
| ***Trustee***<br>**ROGER W. BROWN**<br>P.O. BOX 32967<br>PHOENIX, AZ 85064-2967<br>602-274-4231 | represented by **ADAM B. NACH**<br>LANE & NACH, P.C.<br>2001 East Campbell, Suite 103<br>PHOENIX, AZ 85016<br>602-258-6000<br>Fax : 602-258-6003<br>Email: adam.nach@lane-nach.com<br><br>**STUART BRADLEY RODGERS**<br>LANE & NACH PC<br>2001 East Campbell Avenue, Suite 103<br>PHOENIX, AZ 85016<br>602-258-6000<br>Fax : 602-258-6003<br>Email: stuart.rodgers@lane-nach.com |
| ***U.S. Trustee***<br>**U.S. TRUSTEE**<br>OFFICE OF THE U.S. TRUSTEE<br>230 NORTH FIRST AVENUE<br>SUITE 204<br>PHOENIX, AZ 85003 | represented by **EDWARD K. BERNATAVICIUS**<br>UNITED STATES TRUSTEE<br>230 N 1ST AVE, SUITE 204<br>PHOENIX, AZ 85003<br>602-682-2600<br>Fax : 602-514-7270<br>Email: edward.k.bernatavicius@usdoj.gov |

| Filing Date | # | Docket Text |
|---|---|---|
| 09/25/2017 | [1](link)<br>(68 pgs) | Chapter 13 Voluntary Petition for Individuals, Schedules and Statements (except for those listed below). Failure to timely upload the list of creditors, may result in dismissal of the case without further notice. Electronic Filing Declaration due 10/16/2017, filed by KENNETH L NEELEY of NEELEY LAW FIRM, PLC on behalf of TIMOTHY EUGENE BIENFANG, DONNA GAILE KING (NEELEY, KENNETH) (Entered: 09/25/2017) |
| 09/25/2017 | [2](link)<br>(11 pgs; 4 docs) | Chapter 13 Plan and Application for Payment of Administrative Expense and Notice of Date to File Objection filed by KENNETH L NEELEY of NEELEY LAW FIRM, PLC on behalf of TIMOTHY EUGENE BIENFANG, DONNA GAILE KING.(NEELEY, KENNETH) (Entered: 09/25/2017) |
| 09/25/2017 | [3](link)<br>(1 pg) | Credit Counseling Certificate filed by KENNETH L NEELEY of NEELEY LAW FIRM, PLC on behalf of TIMOTHY EUGENE BIENFANG. (NEELEY, KENNETH) (Entered: 09/25/2017) |
| 09/25/2017 | [4](link)<br>(1 pg) | Credit Counseling Certificate filed by KENNETH L NEELEY of NEELEY LAW FIRM, PLC on behalf of DONNA GAILE KING. (NEELEY, KENNETH) (Entered: 09/25/2017) |
| 09/25/2017 | [5](link)<br>(1 pg) | Declaration of Evidence of Employer Payments filed by KENNETH L NEELEY of NEELEY LAW FIRM, PLC on behalf of TIMOTHY EUGENE BIENFANG, DONNA GAILE KING. (NEELEY, KENNETH) (Entered: 09/25/2017) |
| 09/25/2017 | | Receipt of Voluntary Petition (Chapter 13)(2:17-bk-11281) [other,volp13] ( 310.00) Filing Fee. Receipt number 28893107. Fee amount 310.00. (U.S. Treasury) (Entered: 09/25/2017) |
| 09/25/2017 | 6 | Meeting of Creditors scheduled for 11/08/2017 at 09:00 AM at US Trustee Meeting Room, 230 N. First Avenue, Suite 102, Phoenix, AZ (341-PHX). Complaints objecting to discharge due by 01/08/2018. Proof of Claims due by 02/06/2018. Government Proof of Claims due by 03/26/2018. (Admin, Admin) (Entered: 09/25/2017) |
| 09/26/2017 | | Notice of Debtor's Prior Filings for joint debtors TIMOTHY EUGENE BIENFANG and DONNA GAILE KING Case Number [01-06871](link), Chapter 7 filed in Arizona Bankruptcy Court on 05/29/2001 , Standard Discharge on 09/26/2001; Case Number [88-01786](link), Chapter 7 filed in Washington Western Bankruptcy Court on 03/10/1988 , Standard Discharge on 07/07/1988.(Admin) (Entered: 09/26/2017) |
| 09/26/2017 | [7](link)<br>(1 pg) | Request for Notice filed by VALERIE LASHALLE SMITH of PORTFOLIO RECOVERY ASSOCIATES, LLC on behalf of PRA Receivables Management, LLC. (SMITH, VALERIE) (Entered: 09/26/2017) |
| 09/26/2017 | [8](link)<br>(4 pgs) | BNC Certificate of Notice (related document(s)[2](link) Chapter 13 Plan and Application for Payment of Administrative Expense and Notice of Date to File Objection) (Admin.) (Entered: 09/28/2017) |

| 09/26/2017 | 9 (9 pgs) | BNC Certificate of Notice - PDF Document (related document(s)2 Chapter 13 Plan and Application for Payment of Administrative Expense and Notice of Date to File Objection) (Admin.) (Entered: 09/28/2017) |
|---|---|---|
| 10/02/2017 | 10 (3 pgs; 2 docs) | Notice of Meeting of Creditors (admin) (Entered: 10/02/2017) |
| 10/02/2017 | 11 (1 pg) | Debtor Declaration Re: Electronic Filing (Purvis, Andamo) (Entered: 10/03/2017) |
| 10/02/2017 | 12 (4 pgs) | BNC Certificate of Notice - Notice of Meeting of Creditors (related document(s)10 BNC Form Request--341 Notice) (Admin.) (Entered: 10/04/2017) |
| 12/12/2017 | 13 (1 pg) | Financial Management Course Certificate For Debtor. (TATE-ALMY, AMY) (Entered: 12/12/2017) |
| 12/13/2017 | 14 (1 pg) | Financial Management Course Certificate For Joint Debtor. (TATE-ALMY, AMY) (Entered: 12/13/2017) |
| 12/19/2017 | 15 (4 pgs) | Trustee Plan Recommendation. (MANEY, EDWARD 7) (Entered: 12/19/2017) |
| 01/05/2018 | 16 (8 pgs) | Amendment to Schedules (A/B,C,G,H,I,J) *A/B* filed by KENNETH 1 NEELEY of NEELEY LAW FIRM, PLC on behalf of TIMOTHY EUGENE BIENFANG, DONNA GAILE KING. (NEELEY, KENNETH) (Entered: 01/05/2018) |
| 01/09/2018 | 17 (53 pgs) | Objection to Confirmation *of Chapter 13 Plan* filed by BRADLEY DAVID PACK of ENGELMAN BERGER PC on behalf of ARIZONA FEDERAL CREDIT UNION (related document(s)2 Chapter 13 Plan and Application for Payment of Administrative Expense and Notice of Date to File Objection).(PACK, BRADLEY) (Entered: 01/09/2018) |
| 02/01/2018 | 18 (5 pgs; 2 docs) | Chapter 13 Trustee Notice of Intent to Lodge Dismissal Order filed by EDWARD 7 MANEY on behalf of EDWARD J. MANEY (Attachments: # 1 Dismissal Order).(MANEY, EDWARD 7) (Entered: 02/01/2018) |
| 02/05/2018 | 19 (2 pgs) | Notice of Appearance *and Request for Special Notice* filed by ROSS M MUMME of McCarthy & Holthus, LLP on behalf of Federal Home Loan Mortgage Corporation as Trustee for Seasoned Credit Risk Transfer Trust, Series 2017-1, its assignees and/or successors, by and through its servicing agent Select Portfolio Servicing.(MUMME, ROSS) (Entered: 02/05/2018) |
| 02/06/2018 | 20 (2 pgs) | Notice of Appearance filed by AARON MICHAEL WAITE of Weinstein & Riley, PS on behalf of USAA Federal Savings Bank.(WAITE, AARON) (Entered: 02/06/2018) |
| 02/09/2018 | 21 (2 pgs) | Response *to Trustee's Notice of Intent to Lodge Dismissal Order* filed by KENNETH 1 NEELEY of NEELEY LAW FIRM, PLC on behalf of TIMOTHY EUGENE BIENFANG, DONNA GAILE KING (related document(s)18 Chapter 13 Trustee Notice of Intent to Lodge Dismissal Order). (NEELEY, KENNETH) (Entered: 02/09/2018) |

| | | |
|---|---|---|
| 02/28/2018 | [22](#)<br>(2 pgs) | Objection *to Trustee's Plan Recommendations* filed by KENNETH 1 NEELEY of NEELEY LAW FIRM, PLC on behalf of TIMOTHY EUGENE BIENFANG, DONNA GAILE KING (related document(s)[15](#) Trustee Plan Recommendation (batch)). (NEELEY, KENNETH) (Entered: 02/28/2018) |
| 03/02/2018 | [23](#)<br>(1 pg) | Notice of Hearing *on Arizona Federal Credit Union's Objection to Chapter 13 Plan* filed by BRADLEY DAVID PACK of ENGELMAN BERGER PC on behalf of ARIZONA FEDERAL CREDIT UNION (related document(s)[17](#) Objection to Confirmation) Hearing set for 4/3/2018 at 10:00 AM at 230 N. First Ave., 7th Floor, Courtroom 703, Phoenix, AZ (EPB).(PACK, BRADLEY) (Entered: 03/02/2018) |
| 03/02/2018 | [24](#)<br>(2 pgs) | Certificate of Mailing filed by BRADLEY DAVID PACK of ENGELMAN BERGER PC on behalf of ARIZONA FEDERAL CREDIT UNION. (related document(s)[23](#) Notice of Hearing) (PACK, BRADLEY) (Entered: 03/02/2018) |
| 03/09/2018 | [25](#)<br>(2 pgs) | Notice of Hearing on Objection *to the Trustee's Plan Recommendations and Certificate of Mailing* filed by KENNETH L NEELEY of NEELEY LAW FIRM, PLC on behalf of TIMOTHY EUGENE BIENFANG, DONNA GAILE KING (related document(s)[22](#) Objection) Hearing on Objection set for 4/3/2018 at 10:00 AM at 230 N. First Ave., 7th Floor, Courtroom 703, Phoenix, AZ (EPB).(NEELEY, KENNETH) (Entered: 03/09/2018) |
| 03/09/2018 | [26](#)<br>(2 pgs) | Amended Notice of Hearing on Objection *to Trustee's Plan Recommendations* filed by KENNETH L NEELEY of NEELEY LAW FIRM, PLC on behalf of TIMOTHY EUGENE BIENFANG, DONNA GAILE KING (related document(s)[22](#) Objection) Hearing on Objection set for 4/3/2018 at 10:00 AM at 230 N. First Ave., 7th Floor, Courtroom 703, Phoenix, AZ (EPB).(NEELEY, KENNETH) (Entered: 03/09/2018) |
| 03/29/2018 | [27](#)<br>(4 pgs) | Stipulation *to Resolve Objection to Confirmation* filed by KENNETH 1 NEELEY of NEELEY LAW FIRM, PLC on behalf of TIMOTHY EUGENE BIENFANG, DONNA GAILE KING. (related document(s)[17](#) Objection to Confirmation) (NEELEY, KENNETH) (Entered: 03/29/2018) |
| 03/29/2018 | [28](#)<br>(3 pgs) | Notice of Lodging Proposed Order *Approving Stipulation to Resolve Objection to Confirmation* filed by KENNETH 1 NEELEY of NEELEY LAW FIRM, PLC on behalf of TIMOTHY EUGENE BIENFANG, DONNA GAILE KING (related document(s)[27](#) Stipulation).(NEELEY, KENNETH) (Entered: 03/29/2018) |
| 04/01/2018 | [29](#)<br>(3 pgs) | **ORDER** Approving Stipulation To Resolve Objection To Confirmation signed on 4/1/2018 (related document(s)[27](#) Stipulation) . (McCormick, Janel) (Entered: 04/02/2018) |
| 04/03/2018 | [30](#)<br>(1 pg) | **Minutes of Hearing held on: 04/03/2018**<br>**Subject:** ARIZONA FEDERAL CREDIT UNION'S OBJECTION TO CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN AND DEBTORS' OBJECTION TO TRUSTEE'S PLAN RECOMMENDATIONS.<br>(vCal Hearing ID (1393703)). (related document(s)[17](#), [22](#)) (Franchello, Annette) (Entered: 04/03/2018) |

| 04/03/2018 | [31](#)<br>(1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 04/03/2018 10:00 AM ]. File Size [ 297 KB ]. Run Time [ 00:00:38 ]. (vCal Hearing ID (1393703)).(Bryant, Renee). (Entered: 04/03/2018) |
|---|---|---|
| 04/23/2018 | [32](#)<br>(2 pgs) | Motion to Extend *Time to Submit A Stipulated Order Confirming Chapter 13 Plan to the Chapter 13 Trustee* filed by KENNETH 1 NEELEY of NEELEY LAW FIRM, PLC on behalf of TIMOTHY EUGENE BIENFANG, DONNA GAILE KING. (NEELEY, KENNETH) (Entered: 04/23/2018) |
| 04/23/2018 | [33](#)<br>(1 pg) | Notice of Lodging Proposed Order *to Extend Time to Submit a Proposed Stipulated Order Confirming Chapter 13 Plan to the Chapter 13 Trustee* filed by KENNETH 1 NEELEY of NEELEY LAW FIRM, PLC on behalf of TIMOTHY EUGENE BIENFANG, DONNA GAILE KING (related document(s)[32](#) Motion to Extend).(NEELEY, KENNETH) (Entered: 04/23/2018) |
| 05/02/2018 | [34](#)<br>(1 pg) | **ORDER** Granting Motion to Extend (Related Doc # [32](#)) signed on 5/2/2018 . (Jones, Shawn) (Entered: 05/02/2018) |
| 05/02/2018 | 35 | ENTERED IN ERROR Chapter 13 Plan due 5/23/2018, (Jones, Shawn) Modified on 5/2/2018 (Jones, Shawn). (Entered: 05/02/2018) |
| 05/29/2018 | [36](#)<br>(2 pgs) | Second Motion to Extend *Time to Submit A Stipulated Order Confirming Chapter 13 Plan to the Chapter 13 Trustee* filed by KENNETH 1 NEELEY of NEELEY LAW FIRM, PLC on behalf of TIMOTHY EUGENE BIENFANG, DONNA GAILE KING. (NEELEY, KENNETH) (Entered: 05/29/2018) |
| 05/29/2018 | [37](#)<br>(1 pg) | Notice of Lodging Proposed Order *to Extend Time to Submit a Proposed Stipulated Order Confirming Chapter 13 Plan to the Chapter 13 Trustee* filed by KENNETH 1 NEELEY of NEELEY LAW FIRM, PLC on behalf of TIMOTHY EUGENE BIENFANG, DONNA GAILE KING (related document(s)[36](#) Motion to Extend).(NEELEY, KENNETH) (Entered: 05/29/2018) |
| 06/08/2018 | [38](#)<br>(1 pg) | **ORDER** Granting Motion to Extend Time (Related Doc # [36](#)) signed on 6/8/2018 . (Jones, Shawn) (Entered: 06/08/2018) |
| 06/15/2018 | [39](#)<br>(2 pgs) | Notice of Appearance *and Request for Special Notice, (AZ-17-139619)* filed by KRISTIN E MCDONALD of McCarthy & Holthus, LLP on behalf of Federal Home Loan Mortgage Corporation as Trustee for Seasoned Credit Risk Transfer Trust, Series 2017-1.(MCDONALD, KRISTIN) (Entered: 06/15/2018) |
| 07/03/2018 | [40](#)<br>(2 pgs) | Third Motion to Extend *Time to Submit A Stipulated Order Confirming Chapter 13 Plan to the Chapter 13 Trustee* filed by KENNETH 1 NEELEY of NEELEY LAW FIRM, PLC on behalf of TIMOTHY EUGENE BIENFANG, DONNA GAILE KING. (NEELEY, KENNETH) (Entered: 07/03/2018) |
| 07/03/2018 | [41](#)<br>(1 pg) | Notice of Lodging Proposed Order *to Extend Time to Submit a Proposed Stipulated Order Confirming Chapter 13 Plan to the Chapter 13 Trustee* filed by KENNETH 1 NEELEY of NEELEY LAW FIRM, PLC on behalf of TIMOTHY EUGENE BIENFANG, DONNA GAILE KING (related |

| Date | Doc # | Description |
|---|---|---|
| | | document(s)40 Motion to Extend).(NEELEY, KENNETH) (Entered: 07/03/2018) |
| 07/13/2018 | 42 (1 pg) | **ORDER** Granting Motion to Extend (Related Doc # 40) signed on 7/13/2018 . (McCormick, Janel) (Entered: 07/13/2018) |
| 08/06/2018 | 43 (2 pgs) | Fourth Motion to Extend *Time to Submit A Stipulated Order Confirming Chapter 13 Plan to the Chapter 13 Trustee* filed by KENNETH 1 NEELEY of NEELEY LAW FIRM, PLC on behalf of TIMOTHY EUGENE BIENFANG, DONNA GAILE KING. (NEELEY, KENNETH) (Entered: 08/06/2018) |
| 08/06/2018 | 44 (1 pg) | Notice of Lodging Proposed Order *to Extend Time to Submit a Proposed Stipulated Order Confirming Chapter 13 Plan to the Chapter 13 Trustee* filed by KENNETH 1 NEELEY of NEELEY LAW FIRM, PLC on behalf of TIMOTHY EUGENE BIENFANG, DONNA GAILE KING (related document(s)43 Motion to Extend).(NEELEY, KENNETH) (Entered: 08/06/2018) |
| 08/17/2018 | 45 (1 pg) | **ORDER** Granting Motion to Extend (Related Doc # 43) signed on 8/17/2018 . (McCormick, Janel) (Entered: 08/17/2018) |
| 09/07/2018 | 46 (4 pgs; 2 docs) | Chapter 13 Trustee Notice of Intent to Lodge Dismissal Order filed by EDWARD 7 MANEY on behalf of EDWARD J. MANEY (Attachments: # 1 Dismissal Order).(MANEY, EDWARD 7) (Entered: 09/07/2018) |
| 09/13/2018 | 47 (2 pgs) | Objection *TO TRUSTEE'S NOTICE OF INTENT TO LODGE DISMISSAL ORDER* filed by KENNETH L NEELEY of NEELEY LAW FIRM, PLC on behalf of TIMOTHY EUGENE BIENFANG, DONNA GAILE KING (related document(s)46 Chapter 13 Trustee Notice of Intent to Lodge Dismissal Order). (NEELEY, KENNETH) (Entered: 09/13/2018) |
| 09/14/2018 | 48 (2 pgs) | Notice of Hearing *Debtors Objection to the Trustees Notice Intent to Lodge Dismissal Order and Certificat of Mailing* filed by EDWARD 7 MANEY on behalf of EDWARD J. MANEY (related document(s)47 Objection) Hearing set for 11/7/2018 at 01:30 PM at 230 N. First Ave., 7th Floor, Courtroom 703, Phoenix, AZ (EPB) Objections/Responses due by 10/31/2018,.(MANEY, EDWARD 7) (Entered: 09/14/2018) |
| 10/09/2018 | 49 (5 pgs) | Amendment to Schedules (A/B,C,G,H,I,J) *I & J* filed by KENNETH L NEELEY of NEELEY LAW FIRM, PLC on behalf of TIMOTHY EUGENE BIENFANG, DONNA GAILE KING. (NEELEY, KENNETH) (Entered: 10/09/2018) |
| 10/09/2018 | 50 (13 pgs) | Amended Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period for 5 Years Form 122C-1. Disposable Income Is Determined , Chapter 13 Calculation of Disposable Income Form 122C-2 filed by KENNETH L NEELEY of NEELEY LAW FIRM, PLC on behalf of TIMOTHY EUGENE BIENFANG, DONNA GAILE KING. (NEELEY, KENNETH) (Entered: 10/09/2018) |
| 10/09/2018 | 51 | Notice is Given that the Debtor has on this date Submitted to the Trustee the Proposed Order Confirming Chapter 13 Plan filed by KENNETH L NEELEY of NEELEY LAW FIRM, PLC on behalf of TIMOTHY EUGENE BIENFANG, DONNA GAILE KING.(NEELEY, KENNETH) (Entered: 10/09/2018) |

| | | |
|---|---|---|
| 10/26/2018 | 52<br>(5 pgs) | Trustee Notice of Lodging Proposed Order. (MANEY, EDWARD 4) (Entered: 10/26/2018) |
| 11/01/2018 | 53<br>(6 pgs; 2 docs) | **STIPULATED ORDER** Confirming Plan signed on 11/1/2018 (related document(s)2 Chapter 13 Plan and Application for Payment of Administrative Expense and Notice of Date to File Objection) . (Tripp, LaTosha) (Entered: 11/01/2018) |
| 11/01/2018 | 54 | **Minutes of Hearing held on: 11/07/2018**<br>**Subject:** DEBTORS' OBJECTION TO TRUSTEE'S NOTICE OF INTENT TO LODGE DISMISSAL ORDER.<br>**Appearances:** NONE.<br>**Proceedings:** VACATED: STIPULATED ORDER CONFIRMING PLAN ENTERED AT DOCKET NO. 53.<br>(vCal Hearing ID (1404509)). (related document(s)47) (Franchello, Annette) (Entered: 11/01/2018) |
| 11/01/2018 | 55<br>(6 pgs) | BNC Certificate of Notice - PDF Document (related document(s)53 Order Confirming Plan) (Admin.) (Entered: 11/03/2018) |
| 11/08/2018 | 56<br>(5 pgs; 2 docs) | Chapter 13 Trustee Report of Allowed Claims. (MANEY, EDWARD 4) (Entered: 11/08/2018) |
| 11/08/2018 | 57<br>(6 pgs) | BNC Certificate of Notice - PDF Document (related document(s)56 Chapter 13 Trustee Report of Allowed Claims (batch)) (Admin.) (Entered: 11/10/2018) |
| 03/07/2019 | 58<br>(1 pg) | Change of Address filed by ASHLEY M BOSWELL of AMERICAN INFOSOURCE on behalf of Capital One Bank (USA) N.A Cabelas Club Visa by American Infosource as agent. (BOSWELL, ASHLEY) (Entered: 03/07/2019) |
| 07/13/2020 | 59<br>(1 pg) | Change of Address *of Attorney for Debtor(s)* filed by KENNETH 1 NEELEY of NEELEY LAW FIRM, PLC on behalf of TIMOTHY EUGENE BIENFANG, DONNA GAILE KING. (NEELEY, KENNETH) (Entered: 07/13/2020) |
| 09/16/2021 | 60<br>(4 pgs; 2 docs) | Trustee Motion to Dismiss. (MANEY, EDWARD) (Entered: 09/16/2021) |
| 09/16/2021 | 61<br>(5 pgs) | BNC Certificate of Notice - PDF Document (related document(s)60 Trustee Motion to Dismiss (batch)) (Admin.) (Entered: 09/18/2021) |
| 12/14/2021 | 62<br>(2 pgs) | Change of Address filed by SINDI MNCINA of Robertson, Anschutz, Schneid, Crane & Pa on behalf of USAA Federal Savings Bank. (MNCINA, SINDI) (Entered: 12/14/2021) |
| 08/19/2022 | 63<br>(1 pg) | Request for Notice filed by ARVIND NATH RAWAL of AIS DATA SERVICES on behalf of BMO Harris Bank N.A., c/o AIS Portfolio Services, LLC. (RAWAL, ARVIND) (Entered: 08/19/2022) |
| 09/27/2022 | 64<br>(1 pg) | Certificate of Eligibility for Chapter 13 Discharge filed by KENNETH L NEELEY of Neeley Law, Plc on behalf of TIMOTHY EUGENE BIENFANG. (NEELEY, KENNETH) (Entered: 09/27/2022) |

| | | |
|---|---|---|
| 10/24/2022 | [65](#)<br>(2 pgs) | Notice of Conversion by Debtor from Chapter 13 to Chapter 7 (25.00 fee) filed by KENNETH L NEELEY of Neeley Law Firm, Plc on behalf of TIMOTHY EUGENE BIENFANG, DONNA GAILE KING.(NEELEY, KENNETH) (Entered: 10/24/2022) |
| 10/24/2022 | [66](#)<br>(2 pgs) | Individual Debtor's Statement of Intention filed by KENNETH L NEELEY of Neeley Law Firm, Plc on behalf of TIMOTHY EUGENE BIENFANG, DONNA GAILE KING. (NEELEY, KENNETH) (Entered: 10/24/2022) |
| 10/24/2022 | | Case Converted Added Trustee BROWN, ROGER W. 341(a) meeting to be held on 11/28/2022 at 09:30 AM as a Telephonic Hearing (341) Complaints under Sections 727 or 523 due by 1/27/2023. (RIV) (Entered: 10/25/2022) |
| 10/25/2022 | [67](#)<br>(4 pgs; 2 docs) | Chapter 7 Indiv/Joint--Notice of Meeting of Creditors. 341(a) meeting to be held on 11/28/2022 at 09:30 AM as a Telephonic Hearing (341) Complaints under Sections 727 or 523 due by 1/27/2023. (RIV) (Entered: 10/25/2022) |
| 10/25/2022 | [68](#)<br>(6 pgs) | BNC Certificate of Notice - Notice of Meeting of Creditors (related document(s)[67](#) BNC Form Request--341 Notice--Chapter 7 Indiv/Joint) (Admin.) (Entered: 10/27/2022) |
| 10/28/2022 | | Receipt of Notice of Conversion by Debtor from Chapter 13 to Chapter 7 (25.00 fee)( [2:17-bk-11281-EPB](#)) [notice,1145] ( 25.00) Filing Fee. Receipt number A35212976. Fee amount 25.00. (U.S. Treasury) (Entered: 10/28/2022) |
| 11/28/2022 | 69 | Meeting of Creditors was held on date as scheduled Debtor appeared. Joint debtor appeared. (BROWN, ROGER) (Entered: 11/28/2022) |
| 12/07/2022 | [70](#)<br>(4 pgs) | Trustee Application to Employ *Attorney/Declaration of Attorney* filed by ADAM B. NACH of LANE & NACH, P.C. on behalf of ROGER W. BROWN. (NACH, ADAM) (Entered: 12/07/2022) |
| 12/07/2022 | [71](#)<br>(1 pg) | Notice of Lodging Proposed Order *Authorizing Trustee to Employ Attorney* filed by ADAM B. NACH of LANE & NACH, P.C. on behalf of ROGER W. BROWN (related document(s)[70](#) Application to Employ). (NACH, ADAM) (Entered: 12/07/2022) |
| 12/09/2022 | [72](#)<br>(1 pg) | **ORDER** Granting Application to Employ (Related Doc # [70](#)) signed on 12/9/2022 . (RIV) (Entered: 12/09/2022) |
| 12/12/2022 | [73](#)<br>(4 pgs) | Trustee Application for FRBP 2004 Examination *and Production of Documents* filed by STUART BRADLEY RODGERS of LANE & NACH PC on behalf of ROGER W. BROWN. (RODGERS, STUART) (Entered: 12/12/2022) |
| 12/12/2022 | [74](#)<br>(2 pgs) | Notice of Lodging Proposed Order *Granting Trustee's FRBP 2004 Application* filed by STUART BRADLEY RODGERS of LANE & NACH PC on behalf of ROGER W. BROWN (related document(s)[73](#) Application for FRBP 2004 Examination).(RODGERS, STUART) (Entered: 12/12/2022) |

1/31/23, 6:26 AM

| 12/12/2022 | [75](#)<br>(5 pgs) | Trustee Chapter 13 Final Report - Converted/Transferred Case. (MANEY, EDWARD) (Entered: 12/12/2022) |
|---|---|---|
| 12/14/2022 | [76](#)<br>(2 pgs) | **ORDER** Granting Application for FRBP 2004 Examination (Related Doc # [73](#)) signed on 12/14/2022 . (MAT) (Entered: 12/15/2022) |
| 12/21/2022 | [77](#)<br>(4 pgs) | Notice of 2004 Examination *and Certificate of Service* filed by STUART BRADLEY RODGERS of LANE & NACH PC on behalf of ROGER W. BROWN.(RODGERS, STUART) (Entered: 12/21/2022) |
| 01/25/2023 | [78](#)<br>(3 pgs) | Trustee Motion to Extend Deadline for Filing Section 727 Objection to Discharge filed by STUART BRADLEY RODGERS of LANE & NACH PC on behalf of ROGER W. BROWN. (RODGERS, STUART) (Entered: 01/25/2023) |
| 01/25/2023 | [79](#)<br>(3 pgs; 2 docs) | Chapter 7 Trustee Notice *of Motion to Extend Deadline to File Section 727 Complaint* filed by STUART BRADLEY RODGERS of LANE & NACH PC on behalf of ROGER W. BROWN (related document(s)[78](#) Motion to Extend Deadline for Filing Section 727 Objection to Discharge). (RODGERS, STUART) (Entered: 01/25/2023) |
| 01/25/2023 | [82](#)<br>(5 pgs) | BNC Certificate of Notice - PDF Document (related document(s)[79](#) Chapter 7 Trustee Notice) (Admin.) (Entered: 01/27/2023) |
| 01/27/2023 | [80](#)<br>(4 pgs) | Motion to Extend Deadline for Filing Section 727 Objection to Discharge filed by EDWARD K. BERNATAVICIUS of UNITED STATES TRUSTEE on behalf of U.S. TRUSTEE. (BERNATAVICIUS, EDWARD) (Entered: 01/27/2023) |
| 01/27/2023 | [81](#)<br>(1 pg) | Notice of Bar Date *FOR OBJECTIONS TO UST'S MOTION TO EXTEND DEADLINE FOR UST TO FILE SECTION 727 OBJECTION TO DISCHARGE* filed by EDWARD K. BERNATAVICIUS of UNITED STATES TRUSTEE on behalf of U.S. TRUSTEE (related document(s)[80](#) Motion to Extend Deadline for Filing Section 727 Objection to Discharge) Objections/Responses due by 2/17/2023,.(BERNATAVICIUS, EDWARD) (Entered: 01/27/2023) |

### PACER Service Center

#### Transaction Receipt

| | 01/31/2023 06:22:06 | | |
|---|---|---|---|
| **PACER Login:** | stuart2001rodgers | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:17-bk-11281-EPB Fil or Ent: filed From: 11/2/2016 To: 1/31/2023 Doc From: 0 Doc To: 99999999 Headers: included Format: html Page counts for documents: included |

| Billable Pages: | 6 | Cost: | 0.60 |
|---|---|---|---|

# EXHIBIT "F"

Kenneth L. Neeley, 025899
Nicholas T. Van Vleet, 026933
Geoffrey M. Khotim, 019513
Karen G. Bentley, 034148
**NEELEY LAW FIRM, PLC**
1120 S. Dobson Rd., Ste 230
Chandler, Arizona 85286
Tel: 480.802.4647 | Fax: 480.907.1648
ECF@neeleylaw.com
*Attorneys for Debtors*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 13 |
| **TIMOTHY EUGENE BIENFANG** | Case No.: 2:17-bk-11281-EPB |
| and | **NOTICE OF CONVERSION TO CHAPTER 7 CASE** |
| **DONNA GAILE KING**, | |
| Debtors. | |

NOTICE IS GIVEN, that Debtors, Timothy Eugene Bienfang and Donna Gaile King, who filed a Voluntary Petition for relief under Chapter 13 of the Bankruptcy Code on September 25, 2017, hereby convert this case to a case under Chapter 7 of the Bankruptcy Code, pursuant to 11 U.S.C. § 1307(a) and Bankruptcy Rule 1017(f)(3).

DATED: October 24, 2022          **NEELEY LAW FIRM, PLC**

*/s/ Kenneth L. Neeley*
Kenneth L. Neeley
Geoffrey M. Khotim
Karen G. Bentley
*Attorneys for Debtors*

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing was submitted on October 24, 2022, in the United States Bankruptcy Court for filing and transmittal of notice of electronic filing, per LR 9076-1, to the United States Trustee, the Chapter 13 Trustee and the ECF registrants appearing in this case.

By: _/s/ Telina Thurman_____

Edward J. Maney, Esq.#012256
CHAPTER 13 TRUSTEE
101 N. First Ave. Suite 1775
Phoenix, Arizona 85003
(602) 277-3776
ejm@maney13trustee.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA
## PHX DIVISION

| | | |
|---|---|---|
| In re: TIMOTHY EUGENE BIENFANG | § | Case No. 17-11281 |
| DONNA GAILE KING | § | |
| | § | |
| Debtor(s) | § | |

## CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT

Edward J. Maney, Chapter 13 Trustee, submits the following Final Report and Account of the administration of the estate pursuant to 11 U.S.C § 1302(b)(1). The Trustee declares as follows:

1) The case was filed on 09/25/2017.

2) The plan was confirmed on 11/01/2018.

3) The plan was modified by order after confirmation pursuant to 11 U.S.C § 1329 on NA.

4) The Trustee filed action to remedy default by the debtor(s) in performance under the plan on 09/16/2021.

5) The case was converted on 10/24/2022.

6) Number of months from filing or conversion to last payment: 60.

7) Number of months case was pending: 62.

8) Total value of assets abandoned by court order: NA.

9) Total value of assets exempted: $180,000.00.

10) Amount of unsecured claims discharged without full payment: $0.00.

11) All checks distributed by the Trustee relating to this case have cleared the bank.

UST Form 101-13-FR-S (9/1/2009)

**Receipts:**

|  |  |  |
|---|---|---|
| Total paid by or on behalf of the debtor(s) | $ 54,000.00 | |
| Less amount refunded to debtor(s) | $ 855.29 | |
| **NET RECEIPTS** | | $ 53,144.71 |

**Expenses of Administration:**

|  |  |  |
|---|---|---|
| Attorney's Fees Paid Through the Plan | $ 3,810.00 | |
| Court Costs | $ 0.00 | |
| Trustee Expenses & Compensation | $ 3,474.00 | |
| Other | $ 0.00 | |
| **TOTAL EXPENSES OF ADMINISTRATION** | | $ 7,284.00 |

Attorney fees paid and disclosed by debtor(s): $ 690.00

**Scheduled Creditors:**

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|---|---|---|
| Navy Federal Credit Union | Sec | 26,153.00 | 25,768.93 | 25,768.93 | 25,768.93 | 2,727.39 |
| Credit Card Payment Processing-USAA | Sec | 3,944.00 | 3,693.69 | 3,693.69 | 3,693.69 | 359.49 |
| Navy Federal Credit Union | Uns | 24,383.96 | 24,383.96 | 24,383.96 | 2,125.40 | 0.00 |
| Wells Fargo Bank, N.A. | Sec | 6,269.00 | 2,918.97 | 2,918.97 | 2,918.97 | 0.00 |
| Wells Fargo Bank, N.A. | Uns | 0.00 | 3,350.16 | 3,350.16 | 292.02 | 0.00 |
| Arizona Financial Credit Union | Sec | 12,146.00 | 4,000.00 | 4,000.00 | 0.00 | 0.00 |
| Arizona Financial Credit Union | Uns | 0.00 | 8,142.62 | 8,142.62 | 709.74 | 0.00 |
| Capital One, N.A. | Uns | 561.76 | 561.76 | 561.76 | 48.97 | 0.00 |
| BMO Harris Bank N.A. | Uns | 15,737.43 | 15,737.43 | 15,737.43 | 1,371.74 | 0.00 |
| Citibank, N.A. | Uns | 5,553.74 | 5,553.74 | 5,553.74 | 484.08 | 0.00 |
| Portfolio Recovery Associates, LLC | Uns | 2,905.33 | 2,905.33 | 2,905.33 | 253.24 | 0.00 |
| Portfolio Recovery Associates, LLC | Uns | 1,957.00 | 1,957.42 | 1,957.42 | 156.82 | 0.00 |
| Quantum3 Group LLC | Uns | 9,613.91 | 9,613.91 | 9,613.91 | 837.99 | 0.00 |
| Quantum3 Group LLC | Uns | 10,850.00 | 10,850.03 | 10,850.03 | 945.73 | 0.00 |
| Quantum3 Group LLC | Uns | 4,076.69 | 3,864.75 | 3,864.75 | 336.87 | 0.00 |
| Capital One Bank (USA) N.A Cabela's | Uns | 7,210.96 | 7,210.96 | 7,210.96 | 628.54 | 0.00 |
| Select Portfolio Servicing, Inc. | Sec | 345,000.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Credit Card Processing - USAA Federal | Uns | 25,252.00 | 25,252.41 | 25,252.41 | 2,201.10 | 0.00 |

UST Form 101-13-FR-S (9/1/2009)

## Scheduled Creditors:

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|---|---|---|
| Cincinnati Insurance Company | Uns | 25,546.05 | NA | NA | 0.00 | 0.00 |
| Sears Vacations | Uns | 2,550.00 | NA | NA | 0.00 | 0.00 |
| USAA Fed Savings Bank | Uns | 4,070.45 | NA | NA | 0.00 | 0.00 |
| Kenneth L. Neeley, Esq. | Lgl | 0.00 | 4,500.00 | 4,500.00 | 3,810.00 | 0.00 |

UST Form 101-13-FR-S (9/1/2009)

| Summary of Disbursements to Creditors: | | | |
|---|---|---|---|
| | Claim Allowed | Principal Paid | Interest Paid |
| **Secured Payments:** | | | |
| Mortgage Ongoing | $ 4,000.00 | $ 0.00 | $ 0.00 |
| Mortgage Arrearage | $ 0.00 | $ 0.00 | $ 0.00 |
| Debt Secured by Vehicle | $ 29,462.62 | $ 29,462.62 | $ 3,086.88 |
| All Other Secured | $ 2,918.97 | $ 2,918.97 | $ 0.00 |
| **TOTAL SECURED:** | $ 36,381.59 | $ 32,381.59 | $ 3,086.88 |
| **Priority Unsecured Payments:** | | | |
| Domestic Support Arrearage | $ 0.00 | $ 0.00 | $ 0.00 |
| Domestic Support Ongoing | $ 0.00 | $ 0.00 | $ 0.00 |
| All Other Priority | $ 0.00 | $ 0.00 | $ 0.00 |
| **TOTAL PRIORITY:** | $ 0.00 | $ 0.00 | $ 0.00 |
| **GENERAL UNSECURED PAYMENTS:** | $ 119,384.48 | $ 10,392.24 | $ 0.00 |

| Disbursements: | |
|---|---|
| Expenses of Administration | $ 7,284.00 |
| Disbursements to Creditors | $ 45,860.71 |
| **TOTAL DISBURSEMENTS:** | $ 53,144.71 |

UST Form 101-13-FR-S (9/1/2009)

12) The Trustee certifies that the foregoing summary is true and complete and all administrative matters for which the Trustee is responsible have been completed. The Trustee requests that the Trustee be discharged and granted such other relief as may be just and proper.

Date: <u>12/09/2022</u>

By Edward J. Maney, Esq.
Trustee

Digitally signed by Edward J. Maney, Esq.
Date: 2022.12.12 10:57:01 -07'00'

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 101-13-FR-S (9/1/2009)